1  BENJAMIN B. WAGNER
   United States Attorney
2  ALYSON A. BERG
   Assistant United States Attorney
3  United States Courthouse
   2500 Tulare Street, Suite 4401
4  Fresno, California 93721
   Telephone: (559) 497-4000
5  Facsimile: (559) 497-4099

6  Attorneys for Defendant United States of America

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11 SARA ALVARADO individually          )   1:09-cv-00243 LJO/SMS
   and as Guardian ad Litem for        )
12 MARTIN ALVARADO, VIVIAN             )   STIPULATION FOR PROTECTIVE ORDER
   ALVARADO, FABIAN ALVARADO and       )   REGARDING PRODUCTION OF
13 ANGEL ALVARADO, minors,             )   CONFIDENTIAL INFORMATION;
                                       )   ORDER RE SAME
14                Plaintiffs,          )
                                       )
15       v.                            )
                                       )
16 UNITED STATES OF AMERICA,           )
                                       )
17                Defendant.           )
                                       )

18

19       Plaintiffs SARA ALVARADO individually and as Guardian ad Litem for MARTIN

20 ALVARADO, VIVIAN ALVARADO, FABIAN ALVARADO and ANGEL ALVARADO,

21 minors ("Plaintiffs") and Defendant United States of America ("United States") (collectively "the

22 parties") stipulate, by and through the undersigned counsel, as follows:

23       WHEREAS the parties seek to use confidential information relating to the claims asserted

24 by Plaintiffs arising from the incident at the Dos Amigos Pumping Plant on February 7, 2007;

25       WHEREAS, such information is arguably protected from disclosure pursuant to

26 confidential financial rights, privacy rights, competitive proprietary rights and/or national

27 security;

28

                                              1
**STIPULATION FOR PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL
                INFORMATION; [PROPOSED] ORDER RE: SAME**

WHEREAS, the parties wish to protect the confidentiality, privacy rights and/or other rights of the United States, Plaintiff and any other third parties, from unauthorized and/or unnecessary disclosure;

WHEREAS, the parties also wish to prevent the possibility of any misuse or unnecessary disclosure of the confidential information, regardless of any confidentiality, privacy, proprietary or other rights;

THE PARTIES THEREFORE STIPULATE, and pending further order of the Court, that the following procedures designed to ensure the protection of this information shall govern all forthcoming pre-trial discovery proceedings:

1. Documentation containing financial information, competitive proprietary information, private information of individuals or entities and/or information relating to national security, as well as all information contained therein, are hereby designated as "confidential information" that is subject to this stipulated Protective Order.

2. This confidential information may be shown, or its contents disclosed only to the following persons:

   (a) Counsel of record in this action and counsel's agents and employees;

   (b) Any expert used as a consultant or intended to be called as a witness who is retained by counsel of record to assist in the preparation and/or trial of this case; and

   (c) The parties to this action and their agents and employees.

Confidential information designated as subject to this Protective Order shall not be disclosed or shown to any other person or entity.

3. Confidential information designated as subject to this stipulated Protective Order or any information derived therefrom shall be used solely for the purpose of the disputed claims and defenses in connection with this litigation and not for any other purpose.

4. The parties' respective counsel of record each agree to make all reasonable efforts to ensure compliance with this Protective Order. Any persons referred to in paragraphs 2(b) and (c) of this stipulated Protective Order who receives information designated as confidential

information pursuant to this stipulated Protective Order shall first read a copy of this stipulated Protective Order and agree in writing to abide by the terms thereof.  Any persons referred to in paragraphs 2(b) and (c) who review any confidential information shall agree to the terms of the Stipulation and execute Exhibit A attached hereto.

5. The parties may show deponents designated confidential documents.  The parties may, within 30 business days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential.  Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential information."  Until expiration of the thirty (30) day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order.  If no party timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

6. The parties enter into this stipulated Protective Order without prejudice to any party's right to object to the disclosure of any information on any ground that it/he/she may deem appropriate, and any party or non-party may, upon motion, seek relief from, or modification of, this Protective Order based on a showing of good cause.

7. The designation of any information as "confidential information" pursuant to this Protective Order is intended solely to facilitate the preparation of this case for trial.  No party shall be obligated to challenge the propriety of any designation by the opposing party, and a failure to do so shall not preclude a subsequent attack on the propriety of any "confidential information" designation.  The failure to designate any materials as confidential information shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

8. If confidential information is improperly disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately inform the other party of all pertinent facts relating to such disclosure (including the

3
**STIPULATION FOR PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL INFORMATION; [PROPOSED] ORDER RE: SAME**

name and address of each person to whom disclosure was made), promptly retrieve the improperly disclosed confidential information and shall make reasonable efforts to prevent further disclosure by said authorized person(s).

9. The parties agree that, prior to commencement of trial, they will enter into mutually agreeable stipulations and protective orders with respect to any confidential information to be disclosed during trial. Any unresolved disputes shall be resolved in accordance with the Federal Rules of Civil Procedure and addressed within the parties' pretrial statements. Any party intending to utilize any confidential information designated as confidential in a law and motion matter or at trial should lodge the document under seal so as to preserve its confidentiality pending the Court's determination regarding whether a privilege exists that precludes the use of the document or other information as evidence or determining what safeguards should be utilized if the confidential information is to be considered as evidence.

10. Within thirty (30) days of final determination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall either:

    (a) Assemble and return all material designated as protected confidential information under this Protective Order, including all copies thereof, to the producing party and certify in writing that all such material has been returned; or

    (b) Certify in writing that all such material has been destroyed.

11. If any person breaches this stipulated Protective Order, any person may notice a hearing to the District Court requesting appropriate relief.

12. All parties to this Protective Order have participated in drafting the Order.

SIGNATURES START ON THE NEXT PAGE

**STIPULATION FOR PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL INFORMATION; [PROPOSED] ORDER RE: SAME**

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated: May 17 , 2010 | CORNWELL & SAMPLE |
|   | /s/Stephen R. Cornwell<br>Stephen R. Cornwell<br>Attorneys for Plaintiffs |
| Dated: May 18, 2010 | BENJAMIN B. WAGNER<br>United States Attorney |
|   | /s/Alyson A. Berg<br>ALYSON A. BERG<br>Attorneys for Defendant<br>United States of America |

**IT IS SO ORDERED**.

Dated:   May 21, 2010            /s/ Sandra M. Snyder
                                 UNITED STATES MAGISTRATE JUDGE

**Exhibit A**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulation entered into in <u>Sara Alvarado et al, v. United States</u>, United States District Court for the Eastern District of California, Case No.1:09-cv-00243 and hereby agree to comply with and be bound by the terms and conditions of said Stipulation. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.