# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA ALVARADO, individually and as Guardian ad Litem for MARTIN ALVARADO, et al.,<br>　　　　Plaintiffs,<br>　vs.<br>UNITED STATES OF AMERICA,<br>　　　　Defendant. | CASE NO. CV F 09-0243 LJO SMS<br><br>**ORDER TO CONTINUE BRIEFING ON GOVERNMENT'S F.R.Civ.P. 12(b)(1) MOTION TO DISMISS**<br>(Doc. 45.) |

Plaintiffs seek to conduct further discovery prior to opposing defendant United States of America's ("Government's") F.R.Civ.P. 12(b)(1) motion to dismiss, the hearing of which is set for September 28, 2010. Plaintiffs contend that their outstanding and contemplated discovery "will bear on the jurisdictional issues of whether any employees of the United States were connected to the death of Plaintiff's [sic] decedent."

This Court has broad discretion to grant or deny discovery in a case such as this. *See Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1091 (9th Cir. 2003). However, "discovery should be granted when . . . the jurisdictional facts are contested or more facts are needed." *Laub*, 342 F.3d at 1093.

The Government relies on factual matters outside plaintiffs' operative second amended complaint to challenge subject matter jurisdiction. In particular, the Government points to the declaration of Bureau of Reclamation Civil Engineer Elizabeth Partridge to the effect that the Government lacked involvement with the events surrounding the death of plaintiffs' decedent. As such, jurisdictional facts

appear contested. Out of an abundance of caution, this Court extends briefing to accommodate plaintiffs' pending discovery to oppose the Government's motion to dismiss. To that end, this Court:

1. VACATES the September 28, 2010 hearing on the Government's motion to dismiss;
2. ORDERS plaintiffs, no later than October 27, 2010, to file and serve opposition papers to the Government's motion to dismiss; and
3. ORDERS the Government, no later than November 3, 2010, to file and serve reply papers.

This Court will consider the Government's motion to dismiss on the record without a hearing, unless this Court orders otherwise.

The resetting of the opposition and reply deadlines is not good cause to continue other dates set in this action. This Court surmises that plaintiffs have delayed their discovery to result in the situation they face. No good cause exists to move any other dates.

IT IS SO ORDERED.

**Dated:   September 14, 2010**                    **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE