**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SARA ALVARADO, individually and as Guardian ad Litem for MARTIN ALVARADO, et al.,<br><br>        Plaintiffs,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant.<br>_____/ | CASE NO. CV F 09-0243 LJO SMS<br><br>**ORDER ON PETITION FOR MINORS' COMPROMISE APPROVAL**<br>(Doc. 61.) |

**INTRODUCTION**

Plaintiff Sara Alvarado ("Ms. Alvarado") seeks this Court's approval for her four minor children of a $7,500 settlement of claims against defendant United States of America ("Government") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, arising from the diving death of Martin Alvarado ("Mr. Alvarado"), Ms. Alvarado's husband and her children's father. There is no opposition to the settlement. For the reasons discussed below, this Court GRANTS Ms. Alvarado's petition for minors' compromise approval.

**BACKGROUND**

Ms. Alvarado and Cornwell & Sample, LLP ("Cornwell") entered into a July 16, 2007 Contingency Fee Agreement ("agreement") by which Cornwell agreed to pursue wrongful death claims for Ms. Alvarado and her minor children Martin Alvarado, Vivian Alvarado, Fabian Alvarado and Angel

Alvarado (collectively the "minor plaintiffs"). The agreement provides that "the fee charged for the recovery by every one and each child under the age of eighteen at the time of the settlement shall be twenty-five (25%) of such greater amount as the court shall allow calculated on the gross settlement allocated to each child." The agreement further provides that "court costs and costs of investigation and expense will be repaid to the party advancing the same from the proceeds of any judgment or settlement after the calculation of fee."

In October 2010 with the Government's motion to dismiss pending, the Government and Cornwell reached a $7,500 settlement of Ms. Alvarado and the minor plaintiffs' claims. Ms. Alvarado and Cornwell seek approval to distribute $2,500 to Cornwell for fees and costs and to split the remaining $5,000 equally among the minor plaintiffs with each receiving $1,250. Cornwell states in his declaration that the "$2,500 payment does not even cover all my costs in this litigation, which amount to $2,640.78" and that "settlement is in the best interests of Plaintiff and her minor children who thereby avoid the possibility of an adverse verdict with a cost bill awarded against them." In her declaration, Ms. Alvarado acknowledges the 25-percent contingency fee for the minor plaintiffs' claims and notes that "Cornwell and I have reached an agreement that $2,500 of the settlement amount will be paid to Plaintiff's counsel in full payment of all fees and expenses and the balance will be paid to me for my children."

## DISCUSSION

This Court's Local Rule 202 addresses settlements for minors and provides in pertinent part:

> (b) **Settlement.** No claim by . . . a minor . . . may be settled or compromised absent an order by the Court approving the settlement or compromise.
>
> (c) **Disclosure of Attorney's Interest.** When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any compensation, from whom, and the amount.
>
> . . .
>
> (e) **Payment of Judgment.** Whenever money . . . is recovered on behalf of a minor . . ., the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . . (Bold in original.)

F.R.Civ.P. 17(c) empowers a district court to make such "order as it deems proper for the protection" of a minor. "Federal courts generally require that claims by minors . . . be settled in

accordance with applicable state law.  California law requires *court approval* of the fairness and terms of the settlement." 3 Schwarzer, Tashima & Wagstaffe, California Practice Guide, *Federal Procedure Before Trial* (2010) Pretrial Conference and Settlement Procedures, para. 15:138, p. 15-48 (italics in original).  A settlement for a minor and attorney fees to represent a minor must be approved by the court.  Cal. Prob. Code, § 3601; Cal. Fam. Code, § 6602.  Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court.  Cal. Prob. Code, § 3601.  A leading California practice guide observes:

> The court must consider the terms of any fee agreement between the attorney and the representative of the minor . . . and must evaluate the agreement based on the facts and circumstances at the time the agreement was made. . . .
>
> The court may allow attorney fees under a valid contingency fee agreement so long as the fees are reasonable.

2 Weil & Brown, Cal. Practice Guide, *Civil Procedure Before Trial* (2010) Settlement Procedures, para. 12:576.1, p. 12(II)-18.

The $7,500 settlement is reasonable given the uncertainty of Ms. Alvarado and the minor plaintiffs' claims with the Government's motion to dismiss pending.  If the motion to dismiss were granted, Ms. Alvarado and the minor plaintiffs faced the possibility of no recovery and a costs award to the Government.

Under the agreement, Cornwell is entitled to repayment of costs prior to application of its contingency fee.  Cornwell and Ms. Alvarado have agreed that Cornwell will forego his entire fees and costs in exchange for the lesser amount of $2,500.  Under the circumstances, Cornwell's acceptance of $2,500 in lieu of entire fees and costs is reasonable.

Based on the moving papers, this Court is unclear as to how the minor plaintiffs' settlement shares will be safeguarded.  This Court's practice is to order such shares to be placed in a blocked account, and no grounds appear to diverge from such practice.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. GRANTS Ms. Alvarado's petition for minors' compromise approval;
2. PERMITS Cornwell to receive $2,500 of the settlement for Cornwell's entire fees and

1         costs; and

2     3.    ORDERS that the minor plaintiffs' shares of $1,250 each be deposited into federally insured blocked accounts and not withdrawn without a court order until the respective minor plaintiff reaches the age of majority.

IT IS SO ORDERED.

Dated:   **December 23, 2010**          /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE